291 P.2d 878

J. B. WILLIS and Ruby Willis, his wife, Plaintiffs and Respondents,

v.

SPRING CANYON COPPER CO. et al., Defendants and Appellants.

Tom M. Nicol, Third Party Defendant and Respondent.

No. 8320.

Supreme Court of Utah.

Jan. 4, 1956.

George S. Ballif, Provo, for appellants.
Ray H. Ivie, Provo, Hugh V. Wentz, Provo, for third party defendant and respondent.

HENRIOD, Justice.

Appeal from a money judgment in favor of plaintiffs Willis against defendant Nevada corporation and its secretary, Hall, for the purchase price of corporate stock allegedly unregistered and sold in Utah in violation of Title 61–1, Utah Code Annotated 1953, plaintiff claiming return of the purchase price under the provisions of Title 61–1–25, U.C.A.1953.[1] Affirmed as to defendant corporation, reversed as to defendant, Hall, with plaintiffs' costs assessed against the corporation and Hall's costs assessed against Willis.

By resolution, the corporation had authorized one Southam to sell its stock. The agency created thereby was not restricted to place or condition precedent. The record amply supports the trial court's conclusion that the sale was made by Southam to Willis in Utah in violation of the title mentioned, and we, therefore, will not disturb the trial court's conclusion in that respect. As to participation in or assistance by Hall in the sale, we sharply differ from the trial court, believing that he erroneously bottomed his conclusion on the unwarranted premise that the sale was not complete until the signing and delivery of the certificate, as is evidenced by the trial court's remarks in his memorandum decision.

Sales of stock customarily are made and become binding before certificates are issued, as evidenced by daily stockbrokers' transactions. A corporation *could* condition sale of its stock on acceptance of an offer by the company, by execution and delivery of a certificate, or on any other legitimate

---

1. "Every sale or contract for sale made in violation of any of the provisions of this chapter shall be voidable at the election of the purchaser, and the person making such sale or contract for sale and every director, officer or agent of or for such seller who shall have participated or aided in any way in making such sale shall, upon tender to the seller of the securities sold or of the contract made, be jointly and severally liable to such purchaser for the full amount paid by him * * *."

condition. Such was not the case here, where Southam was delegated unequivocal authority to sell, and where the conclusion is justified by the evidence that he received the price from Willis, and delivered the stock to the latter under the authority mentioned, as the trial court obviously found. When Southam received the purchase price from Willis, the sale was then complete, and the acceptance of the money by Hall and the latter's signature on the certificate were not acts which were necessary to consummate the sale already made.

■ The receipt of the money by Hall, under the circumstances of this case, and his signing of the certificate being acts unnecessary to complete the sale, the only fact called to our attention by counsel for Willis in his brief, and the only possibly significant fact reflected in the record that might point to Hall's participation in a sale, was his vote for the resolution giving Southam authority to sell the stock—a fact we have held would not constitute participation or aiding in the sale under the statute where otherwise it appeared that the officer approving the resolution took no active part in effecting the sale.[2] We can find nothing else in the record that reasonably points to Hall's participation in this sale other than by way of approving the resolution mentioned.

The judgment against the corporation is affirmed, but the lower court is ordered to enter a judgment of no cause of action against Hall.

WORTHEN, J., concurs.

McDONOUGH, C. J., concurs in the result.

WADE, Justice (concurring).

I concur with Mr. Justice HENRIOD's opinion. However, I do not want to be understood as holding that the evidence here was not sufficient to support a finding that all of the officers participated in this sale. I think that the fact that the trial court found that Hall, the secretary, participated in this sale, and that the other officers did not, when the only thing which he did different than the other officers was to receipt for the purchase price and issue the stock certificate, indicates that the trial court considered that those additional acts made him a participant in the sale. Since such acts were only ministerial, they do not show that the secretary was a participant in the sale, although the other officers were not.

CROCKETT, Justice (dissenting).

The language of the statute[1] imposing liability for repayment of the purchase price to a buyer of securities sold in violation of the law should be carefully noted:

2. Harper v. Tri-State Motors, 90 Utah 212, 58 P.2d 18.

1. Sec. 61-1-25, U.C.A.1953.

"Every sale * * * made in violation of any of the provisions of this chapter shall be voidable * * * and the * * * officer or agent who shall have participated or *aided in any way* in making such sale shall, upon tender to the seller of the securities * * * shall be liable to such purchaser for the full amount paid by him * * *."

I do not disagree with the holding in the case of Harper v. Tri-State Motors.[2] It affirms the finding of the trial court that the defendant, Holbrook, as president of the defendant corporation was not personally liable, but indicates that the corporation and the secretary, Richards, should be held and grants a new trial as to them.

In regard to Mr. Holbrook the court stated that the fact that he signed the stock certificate "* * * is alone strong evidence" that he participated in the transaction.[3] But indicated that he could not be held liable merely "* * * because he signed the stock certificate." It was further observed that that was the only evidence of his complicity; that the evidence affirmatively showed that he was asked to sign some 14 blank certificates; that he had no knowledge of why that was done, but assumed they were for people who were stockholders; that there was no affirmative evidence showing that he even knew what this particular certificate was for; that he did not know that the plaintiff, Harper, was purchasing stock or that he became a stockholder; and that he did not actually participate in the transaction which was handled and engineered exclusively by the secretary, Mr. Richards.

It should be borne clearly in mind that the Harper decision *supports* a finding made by the trial court. The rule is so familiar and oft-quoted that it is banal to repeat: that if there is any substantial basis in evidence such finding will not be disturbed. It seems to me that the main opinion herein patently runs counter to that rule. I do not gainsay that the perfunctory act of signing a stock certificate, without any other showing of knowledge or participation in a sale can reasonably be found not to come within the statute above quoted. But the facts in this case with respect to the secretary, Hall, are vastly different than the facts as to Mr. Holbrook in the Harper case. Incidentally, that case does not indicate whether, had the trial court found that he did participate, such finding might have been affirmed.

In the instant case we must view the evidence and every fair inference arising therefrom in the light most favorable to the finding of the trial court. In doing so, these facts are significant:

(a) Mr. Hall, who was a stockholder, director and secretary of the corporation, participated in the decision and gave his approval to the resolution authorizing Mr.

2. 90 Utah 212, 58 P.2d 18.

3. 90 Utah at p. 224, 58 P.2d 24.

Southam to sell stock in the corporation without any limitation as to whom or where it should be sold, although he either knew, or is charged with knowledge, that it could lawfully be sold only in the state of Nevada; (b) he attended the directors' meeting held in Utah to which Southam brought Mr. Willis, known to be a Utah resident, and at which they discussed the prospect of Mr. Willis' investing his money and becoming a stockholder in the corporation; (c) following this in natural sequence, Willis' money was brought to him, which he accepted for the corporation; and (d) he issued the stock certificate to Willis and signed it as secretary. The foregoing facts must be judged not singly, but in the aggregate. So regarded it seems to me so clear as to be beyond per-adventure of doubt that the trial judge could reasonably find that Mr. Hall, " * * * participated or aided in any way in making such sale," thus meeting the statutory pre-requisite to the imposition of liability. Indeed, those undisputed facts are such that I seriously doubt that any reasonable mind could have found to the contrary. The fact that other officers of the corporation who had something to do with the transaction were not held should have no bearing whatsoever upon our review of the case as it affects Mr. Hall. There was no cross appeal challenging the failure to find them also responsible.

I would affirm the finding and decision of the trial court.